**UNITED STATES of America ex rel. Robert F. CULLEN #43137, Appellant,**

v.

**Howard YEAGER, Principal Keeper, New Jersey State Prison, Trenton, New Jersey.**

**No. 19135.**

United States Court of Appeals, Third Circuit.

Argued Oct. 4, 1971.

Decided Oct. 14, 1971.

Carl D. Buchholz, III, Rawle & Henderson, Philadelphia, Pa., for appellant.

Wilbur H. Mathesius, First Asst. Prosecutor, Trenton, N. J., for appellee.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was found guilty of armed robbery in the New Jersey State Court. The Appellate Division denied his appeal and his later motion for rehearing. His application for writ of certiorari was denied by the New Jersey Supreme Court. Thereafter he filed a petition for writ of habeas corpus in the United States District Court for the District of New Jersey. On August 4, 1969, there was an evidentiary hearing in the matter to determine the merits of petitioner's charges of alleged coercion by the State to obtain testimony from the State's witness, James Moran, in identifying the petitioner as one of the robbers and as to whether the State had exculpatory evidence which it withheld. In a thorough, sound opinion the district judge held that no credence could be placed upon Moran's testimony and rejected the claim that statements by Moran implicating petitioner in the crime at bar were the product of coercion by State Officers. As to the remaining item dealt with at the evidentiary hearing, the alleged suppression of evidence by the State, the Court rightly held that "* * * the factual situation here does not support any contention of concealment or suppression of evidence favorable to petitioner."

On the merits of the trial in the State Court the district judge concluded that petitioner there had the benefit

of assistance of loyal and competent counsel and that the conduct of the trial judge was most fair. The entire record fully supports that conclusion which resulted in the dismissal of the case by the district judge. The latter noted that the questions involved "have been troublesome and that the Court is not prepared to say that there are no meritorious grounds for appeal. Accordingly a certificate of probable cause will be issued." From our independent survey of the appeal we are entirely satisfied that the dismissal of the petition was strongly indicated on the whole record and that there was no substantial error in the decision of the trial judge.

The judgment of the District Court will be affirmed.